**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| STEPHEN A. RANGE | ) | |
| | ) | |
| v. | ) | Case No. 3:07-CV-480 |
| | ) | |
| DEVIN BRUBAKER, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## OPINION AND ORDER

This matter is before the court on Plaintiff, Stephen A. Range's ("Range's") "Application to Proceed Without Prepayment of Fees and Affidavit" filed on September 23, 2008. Range, who is proceeding *pro se*, is seeking to appeal an Order dated September 15, 2008 entered by United States Magistrate Judge Christopher A. Nuechterlein related to various discovery motions filed by Range. To that end, Range filed a document captioned "Notice of Appeal." However, it is unclear from that document the court to which the appeal is taken. For instance, the document does not indicate whether the Plaintiff is attempting to appeal the Magistrate Judge's decision to the undersigned District Judge pursuant to Fed.R.Civ.P. 72(a) or whether he is seeking to appeal directly to the Seventh Circuit Court of Appeals.[1]

Range's intent is critical because the "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer*

---

[1] Fed.R.App.P. 3(c)(1)(C) requires the Notice of Appeal to specify the name of the court to which the appeal is taken. The Clerk has forwarded the Short Record to the Seventh Circuit Court of Appeals.

*Discount Co.,* 459 U.S. 56, 58 (1982). However, to transfer jurisdiction from the trial to the appellate court, the appeal must be proper. See *Leonhard v. U.S.,* 633 F.2d 599, 609-10, (2d Cir.1980) ("Once a **proper appeal** is taken, the district court may generally take action only in aid of the appeal or to correct clerical errors as allowed by the Federal Rules of Civil (or Criminal) Procedure.") (emphasis added). In this case, to the extent that Range is attempting to file an interlocutory appeal with the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. §1292 it is clear that the subject matter to which he directs his appeal does not fall within the provisions of §1292. No final judgment has been entered in this case, and this case does not meet the limited circumstances where interlocutory appeals are permitted. Thus, an appeal to the Seventh Circuit is not proper at this time. In turn, Range's motion to proceed *in forma pauperis* on appeal is DENIED.

However, because Range is proceeding *pro se,* the undersigned construes Range's Notice of Appeal to be an appeal to the undersigned of the Magistrate Judge's decision pursuant to Fed.R.Civ.P. 72(a). When a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also *Bobkoski v. Board of Educ. of Cary Consol. School Dist.,* 141 F.R.D. 88, 90 (N.D.Ill.1992) ("Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a)"); *Hall v. Norfolk Southern Ry. Co.,* 469 F.3d 590, 595 (7th Cir.2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint was nondispositive, subject only to review for clear error"). The Seventh Circuit has explained that, under the clear error standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co.,*

*Ltd.,* 126 F.3d 926, 943 (7th Cir.1997). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.,* 1988 WL 2788, at *1 (N.D.Ill. Jan.8, 1988)

In this case, the undersigned has reviewed the Order entered by the Magistrate Judge and involving the various motions filed by Range. The crux of the Order is that Range failed to follow the Court's order to confer with the Defendants and participate in preparing the joint report regarding outstanding discovery motions. As a result, the Magistrate Judge reviewed the "Discovery Report" submitted by the Defendants along with the proposals and resolutions contained therein and adopted them. In doing so, the Magistrate Judge denied Range's "Motion to Serve Additional Interrogatories" [DE 250], his five "Motions to Compel" [DE 203, 226, 252, 253, and 254], his "Motion for Leave to File an Amended Complaint" [DE 266], his "Motion for Rule to Show Cause" [DE 225], his "Motion for Sanctions" [DE 131] and his "Motion for Extension of Time to Complete Discovery" [DE 267]. The record in this case is replete with discovery motions, partial summary judgment motions and other motions all of which have complicated the judicial management of this case. Accordingly, the court cannot conclude it was "clearly erroneous" for the Magistrate Judge to deny Range's motions when the record reflected he did not follow the directives of the court. Thus, Range's objection to the order of the Magistrate Judge [DE 297] is hereby OVERRULED.

## **CONCLUSION**

Range's request to proceed *in forma pauperis* is DENIED. The court construes the Notice of Appeal to be an appeal to the District Judge of a non-dispositive order rendered by the Magistrate Judge pursuant to Fed.R.Civ.P. 72(a). Range's objection is OVERRULED.

SO ORDERED. This 20th day of October, 2008

                                                                              s/ William C. Lee  
                                                                              United States District Judge