# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| STEPHEN A. RANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO.: 3:07-CV-480 |
| | ) |
| DEVIN BRUBAKER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is now before the Court on the Defendants' Motion to Reconsider and for Protective Order Pursuant to Trial Rule 26(c) (Docket # 324) and Motion for Protective Order Pursuant to Trial Rule 26(c) (Docket # 325).[1] As a result of the ruling on the motion for protective order, the Court will also briefly address Plaintiff's "Motion for Rule to Show Cause and Request for Hearing." (Docket # 303.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2007, *pro se* Plaintiff Stephen A. Range brought this 42 U.S.C. 1983 civil rights action against numerous Defendants employed by the City of South Bend, Indiana ("the City"). (Docket # 1.) The complaint contains a litany of allegations, including that employees of the City's Animal Care and Control Division illegally searched his property, impounded his dogs, denied him licensing for his dogs, denied him access to public services and records, did not hear his appeal, and did not interview him for a position on the Animal Control Commission. (*See, e.g.,* Second Am. Compl. ¶¶ 2, 4, 11, 17, 20-25, 27-28, 34, 44, 55.)

The record reflects that on June 16, 2008, Range propounded interrogatories on

---

[1]The Defendants' motions are largely in response to the Plaintiff's Motion for Rule to Show Cause (Docket # 303), which the Court construes as a motion to Compel.

Defendant South Bend Common Council, one of which (Interrogatory Number 3) inquired about the members serving on South Bend's Animal Control Commission, including their home addresses. (Docket # 185.) The Defendants responded on August 4, 2008, disclosing the names of the members and their address at the County-City Building in South Bend. (Docket # 271.) Range then submitted to Defendants on September 23, 2008, a request for production of documents for the "complete Citizens [sic] applications Form For [sic] Membership of the Animal Control Commission of Kari Hatch, and Terrence L. Derosa with complete street addresses." (Docket # 302.) The following day, Range filed a "Motion for Rule to Show Cause and Request for Hearing" (Docket # 303), in which he alleges that the Defendants did not adequately respond to Interrogatory Number 3 in an attempt to cover up a fraudulently created Animal Control Commission. (*See* Docket # 303.)

The Defendants then filed a "Motion in Opposition to Plaintiff's Request for Production of Documents" on October 9, 2008 (Docket # 315), which this Court denied on October 29, 2008, but on its own motion granted the Defendants an extension of time until November 10, 2008, to either respond to Range's request or to file a proper motion for a protective order (Docket # 320.) The Defendants subsequently followed up with the instant motions on November 10 and 12, respectively.[2] (Docket ## 324, 325.) The Defendants contend there is good cause to bar the disclosure of the home addresses of the Animal Control Commission's volunteer members. (Docket ## 324, 325.) Range responded to the Defendants' motions on November 19, 2008 (Docket # 333,) and the Defendants did not file a reply, making the motions

---

[2] Defendants' November 10, 2008, motion is entitled "Motion to Reconsider and for Protective Order Pursuant to Trial Rule 26(C)." Since the Court upon reconsideration will grant a protective order, the November 12, 2008, Motion for Protective Order, which is the same as the November 10 motion, is rendered moot.

2

ripe for consideration.

## II. DISCUSSION

### A. Applicable Legal Principles

Federal Rule of Civil Procedure 26(b)(1) permits discovery "that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

However, under Rule 26(c), "a party . . . from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Rule 26(c) authorizes the Court, "for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person . . . .'" *Jackson v. Parker*, No. 08 C 1958, 2008 WL 4844747, at * 1 (N.D. Ill. Nov. 7, 2008) (citing Fed. R. Civ. P. 26(c)). "With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Id.* (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

To establish good cause, "[c]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . ." *Id*. (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 (1981); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2035, at 265 (1970)). "The moving party establishes good cause by showing

3

that 'disclosure will work a clearly defined and serious injury.'" *Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at *1 (N.D. Ind. March 16, 2006). "In deciding whether good cause exists, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party." *In re Garvey Marine, Inc.*, No. 03 C 5967, 2006 WL 1806392, at *1 (N.D. Ill. June 27, 2006); *see also* 6 *Moore's Federal Practice* § 26.101(1)(c) (3d ed. 2004) ("Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party."); *Arenson v. Whitehall Convalescent & Nursing Home*, 161 F.R.D. 355, 358 (N.D. Ill. 1995) ("Rule 26 requires a Court to balance the privacy interests in the information asserted by one party with the probative value of that information to the other party."). Upon such a showing, the Court may forbid the disclosure or discovery of the requested information. Fed. R. Civ. P. 26(c)(1)(A).

*B. Analysis*

The Defendants argue that good cause exists for precluding the discovery of the addresses of the Animal Control Commission members, and reveal that the St. Joseph Circuit Court granted a workplace violence protective order and permanent injunction on September 9, 2008, against Range, ordering him to refrain from contact with over twenty individuals and City of South Bend departments. (*See* Docket ## 324, Ex. A; 325, Ex. A.) The Defendants add that Range has already received the names and the applications of the members, but has not received (and he does not need) their home addresses. (Docket ## 324, 325.) The City explains that although it "was happy to provide Plaintiff with the entire contents of the files relating to the applications to the Animal Control Commission," it felt it necessary to redact the Commission

4

members' addresses to protect their privacy and personal safety. (Docket ## 324, 325.)

Range, however, maintains that the Defendants have not shown good cause. (Docket # 333.) Range acknowledges that he received the names and applications of everyone who applied to the Animal Control Commission, but he still seeks their addresses. (Docket # 333.) Range explained that he needs the addresses "to prove the members currently serving on the Animal Control Commission does [sic] not meet the qualifications according to South Bend Municipal Code, and to prove the defendants have committed another crime, fraud upon this court, even obstruction of justice by creating a phony Animal Control Commission." (Docket # 333.)

Contrary to Range's contentions, the Defendants have provided "a particular and specific demonstration of fact," *Jackson,* 2008 WL 4844747, at * 1, such that Range's discovery of the Commission members' addresses should be barred. The Defendants presented the workplace violence protective order and permanent injunction entered by the St. Joseph Circuit Court, which contains findings and conclusions that Range had gone to and otherwise contacted various city offices, including the Animal Care and Control Office and Shelter, with the "intent to intimidate and threaten City officials and employees, rather than to redress legitimate grievances or concerns." (Docket # 324, Ex. A ¶¶ 4-6.) These facts establish good cause "by showing that 'disclosure will work a clearly defined and serious injury.'" *Ezell*, 2006 WL 1094558, at *1.

The Order relates that Range "has entered the Animal Care and Control Shelter wearing a firearm and ammunition on several occasions, and became so insistent and irate with City employees" that he was removed by police. (Docket # 324, Ex. A ¶ 7.) The Order further states that Range's "erratic and threatening conduct" caused the City employees to ask him not to return to the Animal Care and Control Shelter, yet he "has gone there displaying a firearm and

5

ammunition in clear view of the employees and Shelter clients" and became volatile when other citizens were present. (Docket # 324, Ex. A ¶¶ 9-11.) The Order also notes that Range left messages and sent correspondence to City employees that were "disturbing[,]" and that he has approached City employees with a photograph of the home of one of the employees, asking whose home was in the photograph and claiming "that he was warning the employee that someone else may seek to cause the employee harm[.]" (Docket # 324, Ex. A ¶¶ 12-14.) The Order goes on to find that several City employees have feared for their safety and of their families and others in the workplace. (Docket # 324, Ex. A ¶ 16.) The Court ultimately found that there was "clear and convincing evidence that [Range's] course of conduct constituted . . . a credible threat of violence to City employees and other persons," and issued the injunction against him. (Docket # 324, Ex. A ¶ 21 (citing Ind. Code § 34-26-6-8).)

The volunteer Commission members whose addresses Range seeks are apparently included in the list of protected individuals.[3] (*See* Resp. Br. ¶ 4). In any event, the record indicates that Range has repeatedly threatened and intimidated City employees, including those at the City's Animal Care and Control Division, and thus demonstrates good cause to deny Range the Animal Control Commission members' addresses. Disclosing the Commission's members' addresses puts them at risk of annoyance and oppression from Range's allegedly threatening behavior, possibly compromising their personal safety and that of their families. *See* Fed. R. Civ. P. 26(c)(1) (authorizing the Court, "for good cause, to issue an order to protect a party or person from annoyance . . . [and] oppression . . . ."); *see, e.g., McGee v. City of Chicago*,

---

[3] Although it is unclear from the Defendants' motions whether the people whose addresses Range seeks are included in the list, Range mentions in his response that the names of the applicants to Animal Care and Control "were added to the list after the Protective [O]rder was granted," and refers to them as "Protective Persons." (*See generally* Resp. Br.)

6

2005 WL 3215558, at *2 (N.D. Ill. June 23, 2005) (finding that good cause existed to enter a protective order in a § 1983 civil rights case, prohibiting the disclosure to the plaintiff of personal information of police officers, including their residential addresses, in part because it "could threaten the safety of the police officers and their families").

Balancing the potential harm of the disclosure with its probative value to Range, *see e.g.*, *In re Garvey Marine, Inc.*, 2006 WL 1806392, at *1; *see also, In re Eli Lilly & Co.*, 142 F.R.D. 454, 460 (S.D. Ind. 1992) (granting a protective order redacting names from documents after balancing the interests in a determination on good cause), further demonstrates that good cause exists to grant the requested protective order. Range contends that he needs the residential addresses of two individuals, Kari Hatch and Terrence L. Derosa, to prove that the Commission members do not meet the qualifications set forth in the South Bend Municipal Code, and to prove that the Defendants have committed fraud and obstruction of justice "by creating a phony Animal Control Commission." (Resp. Br. ¶ 6.) These conclusory allegations, however, are irrelevant to Range's claims.

This conclusion that the information is irrelevant stems from the legal proposition that, "[a] person actually performing the duties of an office under color of title is an officer de facto, and his acts as such officer are valid so far as the public or third parties who have an interest in them are concerned . . . . and neither his eligibility to appointment nor the validity of his official acts can be inquired into except in a proceeding brought for that purpose." *United States ex rel. Doss v. Lindsley*, 148 F.2d 22, 23 (7th Cir. Ill. 1945). Thus, whether the Commission members in this instance were acting de jure or de facto makes no difference, because in either event, and in the context of this case, their authority would be effective. *See Terrien v. Metropolitan*

7

*Milwaukee Criminal Justice Council*, 455 F. Supp. 1375, 1379-81 (E.D. Wis. 1978). Consequently, Range is precluded from collaterally attacking the members' qualifications in this proceeding, *id*., making irrelevant his inquiry into the members' addresses to determine their residency qualifications.

Considering the lack of relevance of the discovery sought here, and given the potential threat as articulated in the state court Order, good cause exists to deny Range's requests and to grant, upon reconsideration, the protective order. Accordingly, the Defendants's motion for a protective order (Docket # 324) will be GRANTED.

## IV. CONCLUSION

For the foregoing reasons, and upon reconsideration, Defendants' motion for a protective order (Docket # 324) is hereby GRANTED. Accordingly, the Defendants do not need to disclose the home addresses of any Animal Control Commission members or applicants. The second motion for protective order (Docket # 325) is MOOT. Range's Motion for Rule to Show Cause (Docket # 303) is hereby DENIED.

SO ORDERED.

Enter for this 16th day of December, 2008.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge