# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| STEPHEN A. RANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-480 |
| | ) | |
| DEVIN BRUBAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court are five motions filed by *pro se* Plaintiff Stephen Range: (1) Motion for an Order Compelling Discovery and Sanction (Docket # 323); (2) Motion for Enlargement of Time (Docket # 338); (3) Motion to Compel Answers to Defendant Common Council's Interrogatories and for Sanction (Docket # 339); (4) Motion for Extension of Time to Complete Discovery (Docket # 341); and (5) Motion for Leave from the Court to File a Lengthy Memorandum in Response to the Defendants' Motion for Summary Judgment (Docket # 342).

### II. RELEVANT PROCEDURAL BACKGROUND

On October 10, 2007, Range brought this 42 U.S.C. 1983 civil rights action against numerous Defendants working in various capacities for the City of South Bend, Indiana ("the City").[1] (Docket # 1.) The complaint contains a bevy of allegations, including that employees of the City's Animal Care and Control Division ("Animal Control") illegally searched his property, impounded his dogs, denied him licensing for his dogs, and denied him access to public services

---

[1] Range's Second Amended Complaint, docketed July 16, 2008, names twenty-eight defendants. (Docket # 242.) Range currently has a motion pending for leave to file a third amended complaint, which would name fifty defendants. (Docket # 304.)

and records; and that the City's Animal Control Commission ("the Commission") did not hear his appeal or interview him for a position on the Animal Control Commission. (*See, e.g.,* Second Am. Compl. ¶¶ 2, 4, 11, 17, 20-25, 27-28, 34, 44, 55.)

On March 19, 2008, the Court issued a scheduling order in this matter, establishing a discovery deadline of September 22, 2008, and a dispositive motion deadline of November 17, 2008.[2] (Docket # 106.) Since then, Range has filed a barrage of motions, most of which take issue with the Defendants' discovery responses. I now turn to these motions.

## III. DISCUSSION

### A. *Range's Motion for an Order Compelling Discovery and Sanctions*

Range moves to enforce a subpoena apparently ordering the disclosure of information about an alleged reprimand received by Defendant Scott Ruszkowski concerning Range's arrest. (*See* Pl. Mot. for an Order Compelling Discovery and Sanction ("Pl. Mot.") ¶ 7; City Defs. Resp. in Opposition Pl.'s Mot. ("Defs. Resp.") ¶ 4-5; Joint Discovery Report 7.) Defendants object on the basis that Range did not make himself available for the mandatory Local Rule 37.1 conference to resolve the discovery matter, and because the Defendants cannot release the contents of an internal affairs investigation without a court order, pursuant to a collective bargaining agreement. (Defs. Resp. ¶¶ 1-6.) The City Defendants also state that "upon an Order of the Court compelling production of these[] internal affairs records involving Scott Ruszkowski, Defendants will promptly produce these records." (Defs. Resp. ¶ 7.)

The requested information, concerning Officer Ruszkowski's alleged reprimand for his arrest of Range, appears relevant to Range's claims against Officer Ruszkowski arising from the

---

[2] On September 26, 2008, Magistrate Judge Christopher A. Nuechterlein caused to be entered a notice confirming that discovery was closed. (Docket # 306.)

2

arrest. (*See* Fed. R. Civ. P. 26(b)(1).) The City Defendants do not argue otherwise, but rather focus on their need for a court order before disclosing the contents of internal affairs files. Consequently, Range's motion will be granted, and this Opinion and Order will constitute the court order necessary to allow for the release of the documents, limited solely to those documents pertaining to Officer Ruszkowski's alleged reprimand arising from his arrest of Range.

While Range also requests that the Court impose sanctions against the Defendants, he fails to articulate any real basis for them, instead submitting conclusory allegations that the Defendants and their attorney acted fraudulently and failed to confer in good faith. (Pl. Mot. ¶¶ 5-6.) Range does not specify what sanctions he wishes to be imposed in this instance, and has not alleged that he has incurred any costs as a result of the failure to produce the requested discovery. The Defendants deny Range's allegations, and instead argue that Range made himself unavailable. (Defs. Resp. ¶¶ 1-3.)

Under Federal Rule of Civil Procedure 37(a)(5)(A), a party who fails to comply with a discovery request must pay reasonable expenses, including attorney's fees, unless the Court finds that the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, that the failure was substantially justified, or that other circumstances make an award of expenses unjust. Also, a *pro se* litigant is not eligible for the award of attorney fees. *Eley v. Herman*, No. 1:04-CV-00416, 2006 WL 276741, at *5 (N.D. Ind. Feb. 2, 2006) (citing *Banks v. Bayh*, No. 3:94-CV-504RM, 1996 WL 204493, at *1-2 (N.D. Ind. March 27, 1996)).

In this instance, under the terms of their collective bargaining agreement, the Defendants

3

were not permitted to produce the internal affairs records without a court order compelling their production. Because the Court has not ordered their production until now, the Defendants were "substantially justified," Fed. R. Civ. P. 37(a)(5)(A)(ii), in opposing the subpoena. Furthermore, although Range filed a Certification of Good Faith Pursuant to Local Rule 37.1, the Defendants contend that Range did not make a good faith attempt to resolve the discovery dispute. Thus, it is not clear from the record whether a good faith attempt was made in this instance. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Consequently, Range's motion for sanctions will be denied.

Accordingly, Range's "Motion for an Order Compelling Discovery and Sanction" (Docket # 323) is GRANTED in part and DENIED in part. Range's motion to compel discovery of Defendant Scott Ruzskowski's reprimand concerning Range's claims arising from his arrest, if any, is GRANTED. Range's motion for sanctions, however, is DENIED.

### *B. Range's Motion for Enlargement of Time*

On December 8, 2008, Range filed a Motion for Enlargement of Time to file a response to the Defendants' Motion for Summary Judgment. (Docket # 338.) The Court will GRANT Range's motion. Given that several discovery issues remained pending until this Opinion and Order was issued, and that there are a significant number of claims and defenses in this case, the Court will provide Range with additional time to submit his response brief so that he may have an adequate opportunity to prosecute his case. Therefore, Range's Motion for Enlargement of Time (Docket # 338) is GRANTED. Range is given until January 20, 2009, to file his response brief.

*C. Range's Motion for Leave to File a Lengthy Memorandum in Opposition to the Defendants' Motion of Summary Judgment*

On December 10, 2008, Range filed a motion to request leave to file a brief in excess of twenty-five pages in opposition to the Defendants' motion for summary judgment. (Docket # 342.) Specifically, Range requests leave "to file a lengthy response not to exceed *500 pages*." (Docket # 342 (emphasis added).) Local Rule 7.1(d) provides, "Except by permission of the court, no brief shall exceed 25 pages in length . . . . Permission to file briefs in excess of these page limitations will be granted only upon motion supported by extraordinary and compelling reasons." N.D. Ind. L.R. 7.1(d).

Range's motion will be GRANTED in part and DENIED in part. The Court will give Range leave to file a brief beyond the standard twenty-five page limit. The Court has already granted the Defendants' request to file an extended brief in support of their motion for summary judgment, due primarily to the plethora of defendants and claims in this case. Likewise, the Court finds these same "extraordinary and compelling reasons" exist with respect to Range's request. *See* N.D. Ind. L. R. 7.1(d).

However, Range's motion will be denied with respect to his request to file a brief "not to exceed 500 pages." (Docket # 342.) The Defendants' memorandum in support of their summary judgment motion was thirty-six pages. Certainly Range can express the basis for his claim and why there is a material issue of fact precluding summary judgment within a forty page brief in opposition to the motion for summary judgment.

Accordingly, Range's motion (Docket # 342) is GRANTED in part and DENIED in part.

Range is granted leave to file a response brief not to exceed forty pages.[3]

### D. *Range's Motion to Compel Answers to Defendant Common Council's Interrogatories and for Sanction*

On December 8, 2008, Range filed a motion to compel answers to Interrogatories Numbers 3, 4, 5, 6, and 7 from Defendant Common Council. (Docket # 339.) These interrogatories seek information about South Bend's Animal Control Commission. Range's motion must be denied for several reasons.

To begin, Range's motion comes too late. Under Federal Rule of Civil Procedure 37, a discovering party may move for an order to compel a complete response to interrogatories or requests for production. *See* Fed. R. Civ. P. 37(a). While there is no time limit on filing a motion to compel, the motion should be made within a reasonable time, or the court may find there has been a waiver, particularly if the non-moving party would be prejudiced. *See, e.g., Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed, summary judgment motion was filed, briefing schedule was set, and plaintiff's response was due)*; Suntrust Bank v. Blue Water Fiber L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (collecting cases); *Gault v. Nabisco Biscuit Co.,*184 F.R.D. 620, 622 (D. Nev. 1999) (denying as untimely motion to compel further responses when filed one hundred and thirty-six days after receipt of allegedly deficient responses and seventy-six days after close of discovery, and no showing that delay was caused by matters outside moving party's control).

In this instance, Range filed this motion to compel approximately four months after the

---

[3] The brief must be in accordance with Local Rule 7.1(d).

interrogatory answers were filed and two and a half months after the close of discovery.
Furthermore, most of the Defendants have already filed motions for summary judgment, and an additional motion is due on December 17, 2008. Consequently, Range's motion is not only untimely, but if granted would likely further protract this litigation, notwithstanding the Court's earlier scheduling order. *See, e.g., Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000) ("The plaintiffs gave (and give) no excuse for their tardiness, and so have no grounds for complaining about the district court's welcome effort to expedite the litigation and spare the parties the expense of protracted discovery, the bane of modern litigation."); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (denying plaintiff's motion to compel where motion was filed after discovery had closed, the summary judgment briefing schedule had been set, and defendants had filed their summary judgment motion).

Moreover, the South Bend Common Council already submitted responses to the requested Interrogatories Numbers 3, 4, 5, 6, and 7. Concerning Interrogatory Number 3, the Defendants submitted the names, applications, and business address of the Commission members, and the Court has granted a protective order forbidding the disclosure their residential addresses.[4] Regarding Interrogatory Numbers 4 through 7, (concerning the specific membership of the Animal Control Commission), Defendants' answered, "The South Bend Common Council does not possess this information." (Docket # 271.) In short, this Defendant has already answered the interrogatory.[5]

---

[4] The Opinion and Order granting the protective order is being entered contemporaneously with this Opinion and Order.

[5] It is not clear why Range posed this question to the South Bend Common Council and not to the Commission itself. (*See* Docket # 46 (Interrogatories to Animal Control Commission).)

7

For the foregoing reasons, Range's Motion to Compel (Docket # 339) will be DENIED.

### E. *Range's Motion for Extension of Time to Complete Discovery*

On December 10, 2008, Range filed for an extension of time to complete discovery. (Docket # 341.) Range contends that the Defendants' misconduct is preventing him from meeting deadlines, but he never discloses why this could not have been brought to the Court before the close of the original six-month discovery period. In any event, Range claims that he was falsely arrested back in July 2008, (two months before the close of discovery), and that the South Bend Police illegally seized his vehicle which contained a computer with his discovery. In addition, Range claims that he has been unable to depose the Defendants and the witnesses because not all the Defendants have answered his interrogatories.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* N.D. Ind. L.R. 16.1(i). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *see also Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997) ("the rules are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action'"); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *2 (N.D. Ind. Oct. 20, 1997) (emphasizing that the good cause requirement of Rule 16(b) focuses on the diligence of the party seeking the modification).

Range has failed to demonstrate good cause in this instance. Range's motion is clearly late by at least two months and filed after Defendants' motions for summary judgment and after Range himself filed numerous motions for partial summary judgment. Simply because some

defendants did not answer some interrogatories to Range's satisfaction does not necessarily preclude Range from deposing *any* defendants and witnesses.[6] Indeed, Range could have inquired in a deposition about any information he thinks is still outstanding. Furthermore, because Local Rule 26.2(e) requires that all discovery in *pro se* litigation must be filed with the Court, the fact that some of Range's discovery was housed on the missing computer is not a valid excuse for delay, particularly since it appears that the Defendants electronically filed their discovery responses (thus making them available to Range), all as the rule requires. Accordingly, Range's proffered reasons for failing to take any depositions or to complete discovery do not demonstrate that he has acted with due diligence or that he has otherwise met the good cause standard.

In sum, at this juncture, Range has failed to show good cause for extending the discovery deadline imposed in the original scheduling order, and thus discovery is now closed. If Range later contends that he has to do *specific* discovery to respond to the Defendants' motions for summary judgment, then he must request leave under Rule 56(f) to conduct that discovery.[7] Accordingly, Range's Motion for an Extension of Time to Complete Discovery (Docket # 341)

---

[6] The scheduling order (Docket # 106) entered by Magistrate Judge Nuechterlein on March 19, 2008, limited each party to only five depositions. Range has not revealed what five depositions he wanted to take, or how in particular he was prevented from taking them.

[7] Under Federal Rule of Civil Procedure 56(f), a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). The Seventh Circuit requires a party seeking the protection of Rule 56(f) to make a good faith showing that he cannot respond to the movant's affidavits. *Kalis*, 231 F.3d at 1058 n.5; *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *2 (N.D. Ind. June 5, 2002). This requires the non-movant to file an affidavit articulating the reasons why he is unable to submit the necessary material to the court. *Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *2. The non-movant must also identify the material facts that he anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance); *Neal*, 2002 WL 32144315, at *2. Additionally, a plaintiff must show that he has not been dilatory in pursuing discovery. *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *2.

will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's and Defendant's respective motions are hereby granted or denied as follows:

1) Range's Motion for an Order Compelling Discovery and Sanction (Docket # 323) is GRANTED in part and DENIED in part, such that the Defendants must produce information pertaining to Officer Ruszkowski's alleged reprimand as a result of his arrest of Range within seven (7) days;

(2) Range's Motion for Enlargement of Time (Docket # 338) is GRANTED and Range shall have until January 20, 2008 to file his response brief to the Defendants' summary judgment motion;

(3) Range's Motion to Compel Answers to Defendant Common Council's Interrogatories and for Sanction (Docket # 339) is DENIED;

(4) Range's Motion for Extension of Time to Complete Discovery (Docket # 341) is DENIED; and

(5) Range's Motion for Leave from the Court to File a Lengthy Memorandum in Response to the Defendants' Motion for Summary Judgment (Docket # 342) is GRANTED in

part and DENIED in part, such that Range is permitted to file a memorandum in response to the summary judgment motion not to exceed forty pages.

SO ORDERED.

Enter for this 16th day of December, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge