## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| STEPHEN A. RANGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 3:07-CV-480 |
| | ) |
| DEVIN BRUBAKER, et al., | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to reconsider (Docket # 353) filed by *pro se* Plaintiff Stephen Range, requesting that the Court reconsider its Opinion and Order dated December 16, 2008 (the "Order") (Docket # 344), granting in part and denying in part his request to file a "lengthy" response brief to Defendants' motion for summary judgment. More particularly, in the Order, the Court denied Range's request to file a 500-page response brief but granted him leave to file a response not to exceed forty pages, which is in excess of the standard twenty-five page limit. (Order 5-6.)

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70. "Reconsideration is not an appropriate forum for rehashing

previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.*

In short, no "manifest error of law or fact" was committed in denying in part Range's request to file a "lengthy" response brief. In fact, it appears that Range may not completely understand that discovery material and other admissible evidence fall outside the forty pages that he has been allotted, as he states in his motion that his "physical and documentary evidence in support . . . exceeds forty pages." (Mot. to Reconsider 3); *see* N.D. Ind. L.R. 7.1(d) ("Except by permission of court, no brief shall exceed 25 pages in length *(exclusive of* any pages containing a table of contents, table of authorities, and *appendices* . . . . ) (emphasis added); N.D. Ind. L.R. 56.1(a) ("Any party opposing the motion shall . . . serve and file any affidavits or other documentary material controverting the movant's position, together with a response that shall include in its text *or appendix thereto* a 'Statement of Genuine Issues' setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.") (emphasis added).

Furthermore, this Court has seen many cases much more complicated than this one that have been adequately briefed in the standard twenty-five pages. Range can certainly do the same in forty pages.

For the foregoing reasons, Range's motion to reconsider (Docket # 353) is DENIED.

SO ORDERED. Enter for this 23rd day of December, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge