# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| STEPHEN A. RANGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:07-CV-480 |
| DEVIN BRUBAKER, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to reconsider (Docket # 364) that *pro se* Plaintiff Stephen Range filed on January 7, 2009, requesting that the Court reconsider its Opinion and Order dated December 16, 2008 (the "Order"), which granted the Defendants' request for a protective order (Docket # 343). In that Order, the Court precluded the disclosure of the residential addresses of the City of South Bend's Animal Control Commission members in part because Range is subject to a state court workplace violence protection order and permanent injunction prohibiting him from contact with various City of South Bend employees. (Dec. 16, 2008, Op. and Or. 5-7.) Although his motion is not particularly clear, Range requests "that the courts do not use the bogus work place violence protection order when determining any orders or motions" (Pl. Mot. to Reconsider 2), because, he seemingly alleges, the injunction was wrongly issued against him (Pl. Mot. to Reconsider 1-2).

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a

motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

Range's motion to reconsider, however, amounts to a re-packaging of an argument he previously posed and which was unsuccessful the first time: that the state court judge wrongly granted the workplace violence protection order against him. (*See* Docket # 333.) Range consequently fails to show that there was "manifest error of law or fact" in granting the Defendants' motion for a protective order.

Accordingly, Range's motion to reconsider (Docket # 364) is DENIED.

SO ORDERED. Enter for this 13th day of January, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge