**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| STEPHEN RANGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 3:07 CV 480 |
| | ) |
| DEVIN BRUBAKER, et al. | ) |
| | ) |
|     Defendant | ) |

## **OPINION AND ORDER**

Before the court is Defendants' "Motion to Strike" [DE 382] filed on January 13, 2009. *Pro se* Plaintiff, Stephen Range ("Range"), responded on January 20, 2009. For the following reasons, the Defendants' Motion to Strike will be GRANTED.

On November 17, 2008, the City Defendants in this action filed their Motion for Summary Judgment [DE 329]. Along with their motion, the City Defendants filed a request for leave to file a brief in excess of the 25 page limitation in N.D.Ind. L.R. 7.1. This request was granted, [DE 332], and the City Defendants brief of 36 pages was docketed.

Thereafter, on December 10, 2008, Range filed a Motion seeking leave to file a responsive brief in excess of 500 pages. On December 16, 2008, Magistrate Judge Roger Cosbey partially granted Range's request and permitted him to file <u>a</u> responsive brief not to exceed 40 pages. (See DE 344: "Certainly Range can express the basis for his claim and why there is a material issue of fact precluding summary judgment within a forty page brief in opposition to the motion for summary judgment."). On December 22, 2008, Range filed a "Motion to Reconsider" this Order [DE 353], which was denied by the Magistrate Judge on December 23, 2008. [DE 354]. On December 29,

2008, Range filed another "Motion for Leave to File a Brief in Excess of the Page Limitation," this time seeking to file a responsive brief of between 160 - 200 pages. In his Order, again denying Range's request, the Magistrate Judge noted, "It should be parenthetically noted, however, that a brief of 160 pages, let alone 200 pages, *far exceeds* any brief this Magistrate Judge has authorized to be filed during his entire nineteen year tenure." [DE 358].

Subsequently, on the due date for his response brief, Range filed 7 separate responsive briefs [DE #s 369-375] as well as one other amended responsive brief [DE 376]. None of the responsive briefs individually exceeded the forty page limitation but, all told, the briefs total nearly 180 pages. The present Motion to Strike relates to these individual briefs with the City Defendants contending that this is an attempt by Range to circumvent the Magistrate Judge's order regarding page limitations.

In his response to the motion to strike, Range complains that there are so many defendants in this case that it is impossible for him to file a single responsive brief that will address them all. However, the multitude of Defendants in this case have complied with the rules of the court in filing their summary judgment brief and, in turn, Range was provided additional pages beyond that of the defendants filing to respond to their motion for summary judgment. Further, despite the fact that Range is *pro se,* he is still required to follow the procedural rules of this court.[1]

Accordingly, the court concludes that the Motion to Strike is well-taken. The filing of individual response briefs each of which do not exceed 40 pages is clearly intended to sidestep the

---

[1] Range filed this lawsuit naming 27 defendants and, in fact, he has sought leave to amend his complaint to add 25 more defendants. He has papered this lawsuit with 13 individual summary judgment motions, repeated discovery motions, motions to reconsider, motions to compel and now 170 pages of briefing in response to a single motion for summary judgment. Presently, this case has nearly 400 docket entries and this court has yet to determine that a triable issue exists.

Magistrate Judge's Order. Indeed, N.D. Ind .L.R. 7.1 contemplate the filing of a single responsive brief and Magistrate Judge Cosbey's Order made clear that the single responsive brief was not to exceed forty pages. Docket entries 369 through 376 are hereby stricken. Range is now provided until February 23, 2009 to file one responsive brief not to exceed 40 pages to the City Defendants' Motion for Summary Judgment. Failure by Range to comply with this Order may result in sanctions against him up to and including dismissal of his lawsuit.

The court also is mindful that discovery is closed and reminds the parties that there is to be no new discovery initiated in this case which is unrelated to the pending summary judgment motions. Range may file an affidavit under Fed.R.Civ.P. 56(f) if particularized discovery is necessary for him to respond to the motions for summary judgment; however, Range should be advised that Fed.R.Civ.P. 56(g) authorizes the court to order sanctions if a Rule 56(f) affidavit is deemed to be submitted in bad faith or to delay the proceedings.

## CONCLUSION

The Clerk is hereby directed to strike docket entries 369 - 376. Range is provided until February 23, 2009 to file one response brief not exceeding 40 pages to the City Defendants' Motion for Summary Judgment.

SO ORDERED. This 21st day of January, 2009

s/ William C. Lee
United States District Court