UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN RANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:07 CV 480 |
| | ) |
| DEVIN BRUBAKER, et al. | ) |
| | ) |
| Defendants | ) |

**OPINION AND ORDER**

Before the court are numerous motions filed by the *pro se* Plaintiff Stephen Range ("Range") including a "Motion for a Continuance to Enable Discovery to be Undertaken" [DE 414]; a Motion for Sanctions for Submitting Affidavits in Bad Faith [DE 415]; a "Motion for Default Judgment as to Defendants represented by Attorney John E. Broden" [DE 416]; a "Motion to Reconsider Orders 391 and 406" [DE 417]. Range also filed a "Motion to Withdraw Motion to Reconsider and Notice" [DE 421].

Having reviewed these motions and the responses thereto, the court now rules as follows: the Motion for a Continuance to Enable Discovery to be Undertaken is DENIED as it seeks to reopen discovery previously closed and to revisit decisions previously made by Magistrate Judge Neuchterlein which have been appealed to the undersigned previously and resolved against the plaintiff [DE 414]; the Motion for Default Judgment is DENIED as all defendants have answered the Plaintiff's allegations and asserted meritorious defenses [DE 416]; the Motion to Reconsider Orders 391 and 406 is DENIED [DE 417]; the Motion to Withdraw Motion to Reconsider is DENIED as MOOT [DE 421]. The Motion for Sanctions is DENIED for the reasons set forth in

1

this Court's Opinion and Order at DE 406.[1]

While the Court was in the process of reviewing all of these motions, on February 27, 2009, Range filed thirteen Motions for Judgment as a Matter of Law directed toward individual defendants in this case. [Docket Entries 435 - 447]. In addition, Range filed a Motion for Sanctions for Submitting Summary Judgment in Bad Faith [DE 449]. The Defendants are hereby ORDERED not to respond to these motions until further Order of this Court.

SO ORDERED. This 4th day of March, 2009.

s/ William C. Lee
United States District Court

---

[1] Federal Rule of Civil Procedure 56(g) requires the court to award reasonable expenses, including reasonable attorney's fees, incurred by a party because of affidavits filed by an opposing party in bad faith or solely for the purpose of delay. Fed.R.Civ.P. 56(g). Rule 56(g) does not define "bad faith," but it ordinarily involves a dishonesty of belief or purpose, *Black's Law Dictionary* 149 (8th ed.2004), or "where a claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper purpose," *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1336 (11th Cir.2002); *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977). Here, there is nothing to suggest that any of the defendants have filed this type of affidavit and thus, Plaintiff's motion is DENIED as were the other similar motions he previously filed.