UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEPHEN RANGE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 3:07 CV 480 |
| DEVIN BRUBAKER, et al. | ) |
| Defendants | ) |

# OPINION AND ORDER

Before the court is Defendant Lynn Berndt's Motion for Summary Judgment. [DE 164] Plaintiff, Stephen Range ("Range"), proceeding *pro se,* responded and the Defendant replied. Contained within his responsive brief, Range also filed a "Motion for Sanctions for Frivolous Motion" pursuant to Fed.R.Civ.P. 11[1] against the Defendant's counsel. [DE 171]. Defendant responded to this motion. Thereafter, Range filed two additional responses and the Defendant filed a further reply. For the following reasons, the Motion for Summary Judgment will be GRANTED. The Motion for Sanctions for Frivolous Motion will be DENIED as MOOT.

# APPLICABLE STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim.

---

[1] Range claims that the motion is made pursuant to Rule 55.03(c)(1)(a) but neither the court nor defense counsel can identify any such rule in the Federal Rules or this Court's Local Rules. Thus, for purposes of the motion, the court shall presume it is made pursuant to Fed.R.Civ.P. 11(c)(1)(A).

1

*Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992)(quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)).

Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute because the issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512. Mindful of these principles the court turns now to the case at hand.

## FACTUAL BACKGROUND

On October 10, 2007, Range brought this 42 U.S.C. §1983 civil rights action against numerous Defendants working in various capacities for the City of South Bend, Indiana ("the City").

2

(Docket # 1.) On July 16, 2008, Range filed a Second Amended Complaint in which he names a total of twenty-eight defendants. Range's Second Amended Complaint contains a legion of allegations, including that employees of the City's Animal Care and Control Division ("Animal Control") illegally searched his property, impounded his dogs, denied him licensing for his dogs, and denied him access to public services and records; and that the City's Animal Control Commission ("the Commission") did not hear his appeal or interview him for a position on the Animal Control Commission. (*See, e.g.,* Second Am. Compl. ¶¶ 2, 4, 11, 17, 20-25, 27-28, 34, 44, 55.). In addition, Range challenges various City Ordinances relating to the licensing of dangerous animals, argues that his First Amendment rights have been violated by various City officials and that he has been repeatedly falsely arrested or subject to other harassment by City officials. With respect to Defendant Berndt, Range contends that she, in her individual capacity, conspired with various officials to hide evidence so as to incriminate Range and that Berndt fabricated and destroyed evidence during her investigation of Range. Previously, the undersigned dismissed the claims against Berndt in her official capacity as well as those against the Prosecutors' Office based on absolute immunity grounds [DE 112] and thus, the above-mentioned allegations are the sole remaining claims against Berndt. The present motion for summary judgment asserts that no genuine issue of material fact exists as to either of these remaining claims.

Berndt is an attorney for the prosecutor's office of St. Joseph County, Indiana. The nub of Range's claims against Berndt relate to an Information signed by Berndt charging Range with Criminal Trespass. In that Information, it is alleged that on June 1, 2007, Range refused to leave Animal Control at 105 S. Oliver Street after being asked to leave by Sarah Bernth and South Bend Police Officer Janis. Berndt did not actually file the initial Information but did Amend the

3

Information on October 15, 2007.

Range also contends that Berndt participated in an investigation against Range and during that investigation, she fabricated and destroyed evidence in his case. Range asserts that he requested a copy of audio and video recordings from June 1, 2007, the same date alleged in the Information Berndt filed against him. On that date, Range was alleged to have been belligerent and causing problems at Animal Control. Range believes an audio and/or video recording would establish that he was not, in fact, acting in a belligerent and uncontrollable manner. However, Range's request for the audio/video recordings was denied in a letter written by Thomas Bodnar, Assistant City Attorney. In that letter, Bodnar advised "there is no separate audio recording equipment running at 105 S. Olive Street. There is normally a video recording, but on June 1, 2007, the camera was not working." (Exhibit D to Defendant's summary judgment motion). Thus, Range contends that this is proof that the video was destroyed.

As part of her summary judgment submissions, Berndt submits Range's answers to various interrogatories which support her contention that there is no genuine issue of material fact as to any of Range's allegations and thus, she is entitled to summary judgment on all of his claims. For instance, she submits Range's answer to Interrogatory No. 2 wherein he states that the only investigation that he asserts Berndt participated in was "on 10-15-07 Lynn Berndt participated by filing information to cause No. 71D01-0706-CM-4501." (Brief in Support, at 5). Range also could not provide any dates that he believed Berndt participated in any investigations against him. Finally, Range answered Interrogatory No. 4 by stating "I never alleged that Berndt participated in the investigation against me working with the police..." (Brief in Support, at 6). With respect to the alleged fabrication and destruction of evidence, Range answered as follows:

4

     a.      Berndt or another city official destroyed the video surveillance from the Animal Controller's office on the date the plaintiff was arrested for criminal trespassing on public property...

     b.      Lynn Berndt fabricated by stating the Animal control located at 105 S. Olive St. Was real property. Also by stating in the information file the Plaintiff action is contrary to the form of statute in such case made and provided to-wit Ind. Code 35-43-2-2. Lynn Berndt affirmed under the penalties of perjury that the foregoing representation were true when they were fabricated...

(Brief in Support at 6-7).

In her motion, Berndt's assertions are two-fold. First, she contends that there is no evidence to support Range's assertion that she fabricated or destroyed evidence. Second, she asserts that she is entitled to prosecutorial immunity for any actions she undertook with respect to filing the Information against Range and that there is no evidence that she participated in any investigation of him other than the filing of the Information.

To establish a claim under § 1983, Range must establish that (1) he was deprived of a right secured by the Constitution or federal law, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken pursuant to their official duties. Absolute immunity covers prosecutorial functions such as the initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is "intimately associated" with the judicial process. *Buckley v. Fitzsimmons,* 509 U.S. 259, ---- - ----, 113 S.Ct. 2606, 2613-14 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 430, 431 n. 33 (1976).[2] By contrast, a prosecutor has only the protection

---

[2]In this court's Order dismissing some of Range's claims against the prosecutor under grounds of absolute immunity, the Court indicated that it would not dismiss all of Range's claims because Range may be able to flesh out facts indicating that Berndt engaged in activity that was not sufficiently related to the prosecutorial process.

of qualified immunity when functioning in the role of an administrator or investigative officer rather than an advocate. *Buckley,* 509 U.S. at ----, 113 S.Ct. at 2616. *Burns v. Reed,* 500 U.S. 478, 495, 111 S.Ct. 1934, 1944, 114 L.Ed.2d 547 (1991); *Imbler,* 424 U.S. at 431 n. 33, 96 S.Ct. at 996 n. 33.

Here, Range has not submitted any evidence that raises a genuine issue of material fact that Berndt acted in any way that would not receive the protection of absolute prosecutorial immunity. While Range makes generalized assertions that Berndt destroyed evidence, there is not a wit of evidence before the court that the alleged evidence (i.e. a videotape) existed or that it was destroyed by anyone, let alone Berndt. Accordingly, there is no factual dispute as to this issue and Berndt is entitled to summary judgment on Range's claim.

Range additionally asserts that the Information Berndt filed contained false information in that it stated that the Animal Control office located at 105 S. Olive Street in South Bend is real property. Range believes that the property is public property and thus, it is not "real property." He further believes that he cannot be guilty of criminal trespass because he had a valid reason to be at Animal Control since he was attempting to license his dogs. However, whether Range had a defense to the Information filed, i.e., that he did not trespass because he was on the property lawfully, is irrelevant to the inquiry of whether Berndt is entitled to prosecutorial immunity for filing the Information. Range has produced no evidence that Berndt deliberately falsified the facts contained in the Information. Further, Black's Law Dictionary defines "real property" as "land, and generally whatever is erected or growing upon or affixed to the land." Black's Law Dictionary, 5th Ed. (1979). Thus, the property at 105 S.Olive Street is technically "real property" and the ownership of that real property is through the City of South Bend. Thus, Range has neither alleged nor created any issue of fact for asserting that Berndt falsified any facts contained in the Information.

6

In sum, there is no evidence before the Court which would create a genuine issue of material fact that Berndt acted outside the scope of her prosecutorial function. Accordingly, she is entitled to prosecutorial immunity for any actions she undertook with respect to the filing of the Information against Range. The Defendant's Motion for Summary Judgment is GRANTED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion for Summary Judgment [DE 164] is GRANTED. Range's Motion for Sanctions contained within docket entry 171 is DENIED as MOOT.

Entered: This 8th day of July, 2009.

s/ William C. Lee<br>
United States District Court