UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN RANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:07 CV 480 |
| | ) |
| DEVIN BRUBAKER, et al., | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Before the court is Defendant Sarah Marler's ("Marler") Motion for Summary Judgment. Docket at 347. Marler filed a memorandum in support of her motion on December 12, 2008. Docket at 348. Plaintiff, Stephen Range ("Range"), proceeding *pro se,* filed a response in opposition to the motion on December 29, 2008. Docket at 356. Marler filed a reply brief on January 5, 2009. Docket at 359. Range filed two supplemental response briefs, the first on January 5, 2009 (docket at 357) and the second on January 7, 2009 (docket at 365). On January 13, 2009, Range filed yet another pleading, which he deemed to be a "response" to Marler's reply brief. Docket at 380.[1] For the following reasons, the Motion for Summary Judgment will be GRANTED and all of Range's claims asserted against Marler are dismissed with prejudice.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] Neither the Federal Rules of Civil Procedure nor this court's local rules provide for the filing of supplemental briefs without leave of court. However, since Range is proceeding *pro se*, since his supplemental filings do not affect the outcome, and because Marler has not moved to strike them, the court will permit the filings to remain a part of the record with regard to the present motion for summary judgment.

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. However, Rule 56© is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)).

Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute because the issue of fact must be genuine. Fed. R. Civ. P. 56©, (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512. Mindful of these principles the court turns now to the case at hand.

**DISCUSSION**

On October 10, 2007, Range brought this 42 U.S.C. §1983 civil rights action against numerous Defendants working in various capacities for the City of South Bend, Indiana ("the City"). (Docket at 1.) On July 16, 2008, Range filed a Second Amended Complaint in which he names a total of twenty-eight defendants. Docket at 242. Range's Second Amended Complaint contains a legion of allegations, including that employees of the City's Animal Care and Control Division ("Animal Control") illegally searched his property, impounded his dogs, denied him licensing for his dogs, and denied him access to public services and records; and that the City's Animal Control Commission ("the Commission") did not hear his appeal or interview him for a position on the Animal Control Commission. (*See, e.g.,* Second Am. Compl. ¶¶ 2, 4, 11, 17, 20-25, 27-28, 34, 44, 55.). In addition, Range challenges various City Ordinances relating to the licensing of dangerous animals, argues that his First Amendment rights have been violated by various City officials and that he has been repeatedly falsely arrested or subject to other harassment by City officials. Defendant Marler is a deputy prosecutor with the St. Joseph County Prosecutor's Office in South Bend, Indiana.

With respect to Defendant Marler, Range contends that she "filed false information with the courts in order to gain a prosecution against the Plaintiff. Sarah Marler also committed perjury by affirming under the penalty of perjury to dishonest and false information." Amended Complaint, p. 7. That is the sum and substance of Range's allegations against Marler and he does not elaborate on them in his Amended Complaint. However, judging from the dozens of pleadings Range has filed in this case, the court believes it is safe to assume that he believes Marler was part of the much broader conspiracy perpetrated against him by the more than two dozen defendants named in his

3

Amended Complaint.

In her motion for summary judgment, Marler argues that "[t]here is no evidence to support Plaintiff's claim that Marler signed a false information." Motion for Summary Judgment, p. 1. Marler further states that "[a]ll evidence indicates that the Information signed by Marler was true and that probable cause existed to pursue the Plaintiff on a charge of criminal trespass. . . . Thus, all claims against Marler in her official capacity are barred by the 11th Amendment of the U.S. Constitution and all claims against her in her individual capacity are barred by absolute immunity and/or qualified immunity." *Id*., pp. 1-2.

In her memorandum in support of her motion, Marler concedes that she "did file an Information on behalf of the State of Indiana, dated June 4, 2007." Defendant's Memorandum, p. 2 (citing Defendant's Exh. A). Marler contends that she did so in her capacity as a deputy prosecutor and only after having reviewed supporting documents, which she concluded "supported a charge of criminal trespass, pursuant to I.C. 35-43-2-2" against Range. *Id*. (citing Defendant's Exh. B). In that Information, Marler "alleged . . . that on June 1, 2007, the Plaintiff, not having a contractual interest in the Animal Control property, entered the premises after being denied entry by Sarah Bernth of South Bend Animal Control, who asked him to leave. . . . This was the extent of Marler's involvement with the case." *Id*. Marler notes that "Lynn Berndt . . . a deputy prosecutor for Saint Joseph County, Indiana, then took over the case." *Id*., p. 3. Accordingly, Marler moves for summary judgment on Range's claim against her.

In her motion, Marler moves for summary judgment on three separate grounds. First, she contends that there is no evidence to support Range's assertion that she lied or committed perjury when she filed the original Information for trespassing against him. Second, she states that she

4

cannot be sued in her official capacity because such a suit is barred by the Eleventh Amendment. Third, she asserts that she is entitled to prosecutorial immunity for any actions she undertook with respect to filing the Information against Range.

To establish a claim under § 1983, Range must establish that (1) he was deprived of a right secured by the Constitution or federal law, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken pursuant to their official duties. Absolute immunity covers prosecutorial functions such as the initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is "intimately associated" with the judicial process. *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 2613-14 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 430, 431 n. 33 (1976).

Range asserts that the Information Marler filed contained false information in that it stated that he committed criminal trespass on June 1, 2007, when he entered the South Bend Animal Control center located at 105 S. Olive Street in South Bend. Range claims that he cannot be guilty of criminal trespass because he had a valid reason to be at Animal Control since he was attempting to license his dogs. However, whether Range had a defense to the Information filed, i.e., that he did not trespass because he was on the property lawfully, is irrelevant to the inquiry of whether Marler is entitled to prosecutorial immunity or Eleventh Amendment immunity for filing the Information. Range has produced no evidence that Marler deliberately falsified the facts contained in the Information. Instead, he presents only his own conclusory allegations.

In his response brief, Range states that "{d]efendant Marler admits to filing false information

5

in order to initiate a criminal prosecution against the Plaintiff . . . ." Plaintiff's Response, p. 3. Range fails, however, to point to any evidence in the record to substantiate this claim, which Marler denies. Range's response, and the other pleadings he had filed in opposition to Marler's motion for summary judgment, contain long and rambling recitations of the law with dozens of case and statute citations. Some Range's statements concerning the law are correct and many are not. But none of this changes the landscape with regard to Marler's motion. In one of his several responses, Range claims that "[f]ourteen days after the Plaintiff was arrest [sic] the city realized that their [sic] was an error in the South Bend municipal code and registered the dog the Plaintiff was attempting to register on 6-1-07. Sarah Marler should have dismissed the charges once the error was resolved. Sarah Marler abused [her] power as a prosecuting attorney to harass the Plaintiff." Plaintiff's Response, docket at 357, p. 1. But even assuming Range is correct about some error in the municipal code, it is neither here nor there with respect to Marler's action in filing an Information against him. The evidence clearly reflects that Range was present at Animal Control on June 1, 2007, and that an employee of the center asked him to leave. Plaintiff's Exh. 1, attached to Plaintiff's Response, docket at 380 (Copy South Bend Police Department Case Report). In fact, he does not contest that he was present at Animal Control on that day. After being asked to leave, Range refused, police were called, and an officer showed up and again asked Range to leave the premises. *Id*. According to the police report, Range became belligerent and refused to leave the premises. *Id*. Finally, the officer arrested him and transported him to the Saint Joseph County Jail. *Id*. Based on that police report, Marler filed the Information charging Range with criminal trespass. So, the fact that some sort of alleged error in the South Bend municipal code resulted in Range getting his dog licensed after all does not change the facts that led to his arrest and the filing of the

Information. As for Marler's alleged perjury, Range fails to present any evidence whatsoever to support this allegation. It is based on nothing more than his own conjecture, which is clearly insufficient to withstand a properly supported motion for summary judgment.

Range goes on in his pleadings to raise many other allegations against Marler. For example, he claims that "[t]he Defendant's [sic] Sarah Marler and Lynn Berndt actions was [sic] motivated by racial animus and a desire to retaliate against the Plaintiff for exercising his First Amendment rights in filing the complaint against the City [of South Bend]." Plaintiff's Response, docket at 365, p. 1. Again, Range presents no evidence at all to support this allegation.

Range is a prolific filer, to put it mildly. A review of the docket sheet in this case shows that it contains more than 450 docket entries. But despite the incredible volume of pleadings and purported evidentiary documents Range has filed, none of it supports his allegation that Marler knowingly filed a false Information against him and, more importantly, none of it overcomes Marler's defenses of Eleventh Amendment protection, absolute immunity and qualified immunity. In sum, there is no evidence before the court which would create a genuine issue of material fact that Marler acted outside the scope of her prosecutorial function. For this reason, it is not necessary for the court to go into any more detail about all of Range's claims and arguments in opposition to Marler's motion for summary judgment. The record makes it clear that this motion can be resolved on purely legal grounds, as set forth below.

The Eleventh Amendment bars suits brought under § 1983 against state officials acting in their official capacities. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). District courts sitting in Indiana have held that, under Indiana law, prosecutors are state officials when prosecuting criminal cases. *See Bibbs v. Newman,* 997 F.Supp. 1174, 1178

(S.D. Ind. 1998); *Study v. U.S.,* 782 F.Supp. 1293, 1297 (S.D. Ind. 1991). The Seventh Circuit has agreed. *See Srivastava v. Newman*, 12 Fed.Appx. 369 (7th Cir. 2001) (unpublished opinion). Not only is a prosecuting attorney in her official capacity entitled to immunity under the Eleventh Amendment, but to the extent the prosecutor is being sued in her individual capacity (as Marler is here), she is absolutely immune.

As this court explained recently in *Paige v. City of Fort Wayne*, 2009 WL 2848512 at *1 (N.D. Ind. Sept. 01, 2009):

> "[F]ederal suits against state officials in their official capacities are barred by the Eleventh Amendment." *CH v. Dvorak,* 2009 WL 500532 at *3 (N.D. Ind. Feb.27, 2009) (citing *Brokaw v. Mercer County,* 235 F.3d 1000, 1009 (7th Cir. 2000). In a suit against a prosecutor in her official capacity, the prosecutor is considered to be a state official. "The office of prosecutor is created in the Indiana Constitution by Article VII, Section 16, and it is well established that such a prosecutor is a state ... official." *CH,* 2009 WL 500532, at *3 (citing *Mendenhall v. City of Indianapolis,* 717 N.E.2d 1218, 1225-26 (Ind. App. 1999)). *See Marvel v. Cooley,* 2008 WL 5156635 at *5 (N.D. Ind. Dec.8, 2008); *Range v. Brubaker,* 2008 WL 1818494, at *2-3 (N.D. Ind. Apr.21, 2008); *Highdon v. Myers,* 2005 WL 1459511, at *2 (N.D. Ind. June 20, 2005).

Consequently, Range is barred by the Eleventh Amendment from suing the Marler in her official capacity.

Finally, Range may not sue Marler in her individual capacity. The Supreme Court has held that prosecutors are entitled to absolute personal immunity in § 1983 lawsuits. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (noting that the blanket grant of immunity specifically includes "the decision to initiate a prosecution"). In addition to the grant of absolute immunity found in *Imbler* and its progeny, and although it is unclear whether Range is bringing a state tort claim, a county prosecutor also enjoys immunity under the Indiana Tort Claims Act, which provides that "[a] governmental entity or employee acting within the scope of the employee's

employment is not liable if a loss results from ... (5) the initiation of a judicial or an administrative proceeding." Ind.Code § 34-13-3-3. *See also Noble County v. Rogers,* 745 N.E.2d 194 (Ind. 2001); *Foster v. Pearcy,* 270 Ind. 533, 387 N.E.2d 446 (Ind. 1979). Range is therefore also prevented from suing the Marler in her individual capacity.

*See Paige* at * 2.

## **CONCLUSION**

For the reasons set forth above, the motion for summary judgment filed by the defendant, Sarah Marler, is GRANTED and any and all claims asserted against her by the plaintiff, Stephen Range, are dismissed with prejudice.

Date: September 25, 2009.

    /s/   William C. Lee  
William C. Lee, Judge  
United States District Court  
Northern District of Indiana