**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| STEPHEN RANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:07 CV 480 |
| | ) | |
| DEVIN BRUBAKER, et al. | ) | |
| | ) | |
| Defendant | ) | |

**OPINION AND ORDER**

Before the Court are a host of miscellaneous motions filed by *pro se* plaintiff, Stephen Range ("Range"). These motions are captioned as follows: Plaintiffs' Motion for a Continuance to Enable Discovery to be Undertaken [DE 414]; Motion for Default Judgment as to City Defendants [DE 416]; Motion to Reconsider Court Orders 391 and 406 [DE 417]; Motion to Withdraw [DE 421]; Motion for Sanctions [DE 425]; and Motion for Sanctions [DE 426]. In addition, the court has previously taken under advisement Range's Motion to Amend his Complaint [DE 304]. For the following reasons, all of the motions will be DENIED except the Motion to Conduct Discovery which will be GRANTED on a limited basis.

**FACTUAL BACKGROUND**

On October 10, 2007, Range brought this 42 U.S.C. 1983 civil rights action against numerous Defendants working in various capacities for the City of South Bend, Indiana ("the City"). (Docket # 1.) On July 16, 2008, Range filed a Second Amended Complaint in which he names a total of twenty-eight defendants. Range's Second Amended Complaint contains a legion of allegations, including that employees of the City's Animal Care and Control Division ("Animal

Control") illegally searched his property, impounded his dogs, denied him licensing for his dogs, and denied him access to public services and records; and that the City's Animal Control Commission ("the Commission") did not hear his appeal or interview him for a position on the Animal Control Commission. (*See, e.g.,* Second Am. Compl. ¶¶ 2, 4, 11, 17, 20-25, 27-28, 34, 44, 55.). He also asserts that various law enforcement officers and other City employees violated his civil rights by falsely imprisoning him, falsely arresting him, issuing false licenses, manufacturing evidence against him and violating his First Amendment rights.[1]

After a multitude of summary judgment motions by all parties,[2] the sole remaining claim is a Fourth Amendment claim against defendant, Devin Brubaker, for allegedly trespassing onto Range's property to take photographs of his dogs and utilizing those photographs to secure warrants to impound the dogs. Accordingly, motions directed at Defendants other than Brubaker will be DENIED as MOOT. However, each of the motions are discussed below.

**Motion for Continuance** [DE 414]

In this motion, Range sought additional time to conduct discovery as it related to Defendant Brubaker. Specifically, Range sought to depose Brubaker, and to propound interrogatories and requests for admissions. However, at the time Range filed his motion, the discovery deadline had

---

[1]The Court refers to the bulk of these defendants as the "City defendants" throughout. Where other defendants are referenced, they are referenced specifically by name.

[2]There is one defendant who did not appear to be part of any summary judgment motion. Attorney John Broden, who is named as a defendant by Range and who represents the City, was not specifically referenced in part of any motion for summary although one of the summary judgment motions dealt with the Department of Law and Attorney Charles Leone, and both were granted summary judgment in their favor. Broden is employed by the Department of Law and it is likely, assuming a dispositive motion is forthcoming, that he will be granted summary judgment on the same basis as the other two defendants. However, to date, he is still an active defendant in this cause.

closed and there were numerous pending motions for summary judgment. As a result, the undersigned did not rule on this motion and, instead, waited until the Motions for Summary Judgment were fully briefed and ruled upon. As noted above, Brubaker is the sole remaining defendant in this case and Range has . As a result, the court shall permit Range 90 (ninety) days to conduct additional discovery as to Brubaker. Range will be permitted to take Brubaker's deposition and seek responses to interrogatories and requests for admission in accordance with the Federal Rules of Civil Procedure.

**Motion for Default Judgment as to the City Defendants** [DE 416]

In this motion, Range contends that he was entitled to a default judgment against the City defendants (now former defendants in light of the summary judgment rulings) because they denied all the allegations in his Amended Complaint and his Second Amended Complaint. Because the Court has already granted summary judgment to the City defendants, the present motion is DENIED as MOOT.

**Motion to Reconsider Orders and Motion to Withdraw Motion to Reconsider Orders** [DE 417 and 421]

The undersigned entered two orders related to filings made by Range in January 2009 wherein the court struck various filings made by Range. The first Order, [DE 391] entered on January 21, 2009 struck all of Range's eight responses to the City Defendants' Motion for Summary Judgment since they did not comply with the local rules of this Court and appeared to be an attempt to circumvent the page limitations previously imposed by Magistrate Judge Roger Cosbey. On January 26, 2009, Range filed thirteen motions which he termed "Motion for Sanctions for Submitting Affidavits in Bad Faith" directed at each of the City Defendants wherein he reformulated the prior responses stricken by the Court and attempted to re-caption them to circumvent prior court

orders. Range then filed a motion to reconsider these two orders and then, oddly, four days later he filed a Motion to Withdraw the Motion to Reconsider and requested that the court amend its order so that the record showed that the motions were denied but not denied for frivolity.

Regardless, it makes little difference at this point since the City Defendants are no longer in this case. Thus, both the Motion for Reconsideration and the Motion to Withdraw are both DENIED as MOOT.

**<u>Motions for Sanctions for Filing Affidavits in Bad Faith</u> [DE 425 and 426]**

Range has filed two Motions for Sanctions directed towards any and all affidavits filed by the City Defendants in support of their Motion for Summary Judgment. The gist of these two motions is that the Defendants are lying in their affidavits because their statements conflict with his memory of what occurred or with what Range believes the evidence to be. Generally, a mere conflict in testimony is insufficient to warrant sanctions and, in any event, the Motions are MOOT as they relate to the City Defendants. The Motions for Sanctions are therefore, DENIED.

**<u>Motion to Amend</u> [DE 304]**

In his latest attempt to amend his Complaint, Range seeks to add 22 new defendants some of whom are South Bend judicial officers, prosecuting attorneys or deputy prosecuting attorneys, and law enforcement officers. In addition, he seeks to add various other employees of the City in their various capacities with the City. The thrust of Range's allegations against these latest defendants are similar to those already asserted against the original defendants, i.e., that they violated his Constitutional rights by issuing various judicial decrees such as search warrants and restraining orders, falsely arresting him pursuant to those orders, and subjecting him to illegal searches and seizure. He also asserts that various City employees destroyed records, refused to talk

4

with him, retaliated against him, committed perjury and conducted illegal search and seizures of his person.

This Court has previously reviewed Range's request to amend and denied it as to various judicial officers but took the remainder of the request under advisement pending the rulings on the then-pending summary judgment motions. All of those motions have now been ruled upon.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See generally Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Housing Authority,* 213 F.3d 389, 390 (7th Cir.2000).

The court may deny leave because the amendment is futile. *Bethany Phamacal Company, Inc. v. QVC, Inc.,* 241 F.3d 854, 861 (7th Cir.2001). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). However, if a summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record. *Peoples v. Sebring Capital Corp.,* 209 F.R.D. 428, 430 (N.D.Ill.2002). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* Wright & Miller, 6 *Federal Practice & Procedure*§ 1487, at 637-642 (2d ed. 1990)("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

Leave to amend also may be denied for untimeliness. Such reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. The denial of a motion to amend pleadings is proper if the discovery and dispositive deadlines have passed and the motion is filed near the trial date.

In this case, Range's motion was filed after the close of the discovery deadline and the dispositive deadline motion and while there were 13 plaintiff summary judgment motions pending and 3 Defendant motions for summary judgment. The court has now reviewed those motions and, with the exception of Defendant Brubaker, Range has not raised a genuine issue of material fact of a Constitutional violation to support his claim pursuant to 42 U.S.C. §1983 against ANY of the other defendants. Indeed, despite the multitude of paper littering the file in this case, the facts are so vague as to some of the defendants that the court had difficulty ascertaining what occurred let alone that the facts supported a federal claim.

That said, the claims and defendants that Range seeks to add at this point are merely more of the same rhetoric he has espoused throughout the entirety of this case. As such, the court concludes that his Motion to file a Third Amended Complaint must be DENIED as untimely and futile.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion for a Continuance to Enable Discovery to be Undertaken [DE 414] is GRANTED and he has ninety (90) days to complete additional discovery as outlined in this Order as to Defendant Brubaker; the Motion for Default Judgment as to City Defendants [DE 416], the Motion to Reconsider Court Orders 391 and 406 [DE 417], the Motion to Withdraw [DE 421], the Motion for Sanctions [DE 425], and the Motion for Sanctions [DE 426]

are all DENIED as MOOT. The Motion for Leave to Amend and File a Third Amended Complaint [DE 304] is DENIED.

So Ordered this 30th day of September, 2009.

s/ William C. Lee
United States District Court