UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN RANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:07 CV 480 |
| | ) |
| DEVIN BRUBAKER, et al. | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Before the Court is Defendant John Brodan's Motion for Summary Judgment filed on October 8, 2009. After advising the *pro se* plaintiff of his obligations pursuant to *Lewis v. Faulkner* and its progeny to respond, Plaintiff Stephen Range ("Range") chose not to respond.[1] For the following reasons, the Defendant's motion will be GRANTED.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the

---

[1] Range's failure to respond is odd in this case but a review of the docket shows that the Court has not had any communication from Range since March 2, 2009. Prior to then, Range responded to every motion and regularly filed his own motions with the Court.

plaintiff." *Id*. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992)(quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)).

Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute because the issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512. Mindful of these principles the court turns now to the case at hand.

## FACTUAL BACKGROUND and DISCUSSION

On October 10, 2007, Range brought this 42 U.S.C. 1983 civil rights action against numerous Defendants working in various capacities for the City of South Bend, Indiana ("the City"). (Docket # 1.) On July 16, 2008, Range filed a Second Amended Complaint in which he names a total of twenty-eight defendants. Range's Second Amended Complaint contains a legion of allegations, including that employees of the City's Animal Care and Control Division ("Animal Control") illegally searched his property, impounded his dogs, denied him licensing for his dogs,

and denied him access to public services and records; and that the City's Animal Control Commission ("the Commission") did not hear his appeal or interview him for a position on the Animal Control Commission. (*See, e.g.,* Second Am. Compl. ¶¶ 2, 4, 11, 17, 20-25, 27-28, 34, 44, 55.).

As part and parcel of his Complaint, Range has long asserted that many of his dogs are full bred Staffordshire Terriers and pursuant to Chapter 5 of the South Bend Municipal Code, full bred Staffordshire Terriers do not need to be licensed as dangerous animals. American Pit Bull Terriers, which have a similar appearance to Staffordshire Terriers, are required to be licensed as dangerous animals. The City, however, has consistently required Range to provide authentic breeding documents to establish the breed of his dogs since it is difficult to distinguish the dogs. Additionally, Range asserts that he was issued some sort of breeder's license so that he could breed Pit Bull Terriers. However, no such official record exists in the City's records. Instead, Range has offered a form of breeder's license which is not signed by the City Controller or affixed with the embossed seal of the City.

In light of his allegations, Range has sought to impose liability on a host of individual City employees with whom he has interacted during his three-year animal licensing dispute with the City. With the exception of one Animal Control Officer, Devin Brubaker, all of the individual defendants have been granted summary judgment.

In his Complaint, Range named Defendant John Broden, attorney for the individual defendants, as a party. There are, however, no individualized allegations against Attorney Broden in the complaint nor has their been any filing by Range which suggests what the allegations against Defendant Broden may be or what conduct he participated in that caused harm to the plaintiff. Further, to establish a claim under § 1983, Range must establish that (1) he was deprived of a right

secured by the Constitution or federal law, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). But, in this case, Range has failed to set out any allegation as to what Constitutional or federal right he believes he has been denied, at least as it relates to Broden. Accordingly, there is no dispute of material fact to warrant a trial on Range's claims against Broden. Defendant Broden's Motion for Summary Judgment is therefore GRANTED.

Entered: This 14th day of December, 2009.

                                                                                                  s/ William C. Lee  
                                                                                                    United States District Court